**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CERVANTES ORCHARDS & VINEYARDS, LLC, a Washington limited liability corporation; et al., Plaintiffs, and DEAN BROWNING WEBB; SCOTT ERIK STAFNE, Appellants, v. DEERE CREDIT, INC., a corporation; et al., Defendants-Appellees. | No. 18-35366 D.C. No. 1:14-cv-03125-RMP MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted May 22, 2019**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

Dean Browning Webb and Scott Erik Stafne, who represented the plaintiffs in the merits portion of the underlying lawsuit, appeal the district court's assessment of sanctions pursuant to Federal Rule of Civil Procedure 11.[1]  Because the parties are familiar with the facts, we do not recite them here.  We have jurisdiction under 28 U.S.C. § 1291, and we review for abuse of discretion the district court's award of Rule 11 sanctions.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).  We affirm.

In a previous appeal, we affirmed the district court's imposition of Rule 11 sanctions.  *Cervantes Orchards & Vineyards, LLC v. Deere & Co.*, 731 F. App'x 570, 573–74 (9th Cir. 2017).  However, we vacated the attorney's fees award and remanded for "further explanation regarding the basis, amount, and reasonableness of the attorney's fees." *Id.* at 574.

On remand, the district court fully explained the deterrent value of attorney's fees and how it calculated the amount.  The court clarified that the plaintiffs had not prevailed on any issues of substance, so it declined to exclude any fees based on the plaintiffs' claimed success.  Importantly, it reduced its prior award by carefully excluding fees incurred before the plaintiffs filed the offending pleading.

---

[1] Besides this narrow issue, the issues Appellants raise on appeal are foreclosed.

These determinations and calculations were well within the district court's discretion and amply explained. The attorneys' conduct warranted deterrence— even as to Webb, whose suspension from the practice of law lasts only eighteen months.[2] To ensure it awarded only the relevant, reasonable fees, the district court thoroughly parsed the fee submission.

We deny the request for attorney's fees on appeal (Dkt. 19).

**AFFIRMED.**

---

[2] We grant the request for judicial notice of Webb's notice of suspension (Dkt. 8), the request for judicial notice of a sanctions award against Stafne Law Firm (Dkt. 18), and the motion to file a corrected answering brief (Dkt. 38).